GREGG

*v.*

JONES, &c.

(*Special Court of Appeals of Virginia, August, 1878.*)

[Virginia Law Journal, 1878, p. 505.]

**Forthcoming Bonds—Forfeiture of—Case at Bar.***

In an action of debt, brought on a negotiable note, dated May 3, 1867, and payable at thirty days from date, the writ and declaration claimed interest from June 3, 1867, and (although no formal judgment was entered in the county court) the office judgment becoming final, the judgment was considered as entered by default, and execution issued, for the amount, with interest, as claimed in the writ and declaration, not allowing any days of grace. A forthcoming bond having been taken and forfeited; on a motion by the plaintiff for an award of execution thereon, the defendants moved to quash the bond, first, because the sale had not been advertised; and secondly, because there was an alleged mistake in the execution of the bond, it being claimed, that it was not intended to be a common forthcoming bond, but a forthcoming bond under the interpleader statute, and the defendants proposed to introduce the deputy sheriff, who took the bond, to prove this: *held*:

**Same—Same—Failure to Advertise Sale.**

1. The failure to advertise was no ground for quashing the bond, and even had the property been advertised, the obligors in the bond would not be relieved from their obligation, without having the property forthcoming, on the day, and at the place of sale.

**Same—Same—Mistake in Execution—How Taken Advantage of.**

2. The alleged mistake in the execution of the bond, could only

*See monographic note on "Statutory Bonds" appended to Goolsby *v.* Strother, 21 Gratt. 107 (Va. Rep. Anno.).

be taken advantage of by a special plea, alleging the mistakes, or by a special plea of *non est factum*; and not on a motion to quash the bond, and the evidence of the deputy sheriff was therefore inadmissible.

**Same—Case at Bar.**

The county court having overruled both motions to quash the bond, a motion was then made, within time, to reverse the judgment by default, on the ground that the note does not warrant the judgment; this motion was also overruled by the county court. On a writ of error to both of these judgments, the circuit court reversed the action of the county court, and set aside all of the proceedings to the summons commencing the suit, and remanded the cause to rules with leave to the plaintiff to amend his declaration: *held* by the court of appeals: The county court did not err, in entering the judgment on the forthcoming bond in the condition of this case, and that the circuit court ought simply to have corrected and affirmed the judgment of the county court.

The facts of the case are sufficiently stated in the opinion of the court.

*C. H. & R. H. Lee* and *Andrew Hunter*, for the plaintiff.

*Matthew Harrison*, for the defendants.

McLAUGHLIN, J., delivered the opinion of the court.

On the 30th day of January, 1869, James Gregg instituted an action of debt in the county court of Loudoun, against Wm. R. Jones. The writ, which claimed $475.52 with interest from June 3d, 1867, was made returnable to February rules, and was returned duly executed. Gregg filed his declaration at February rules, claiming $475.52 with interest from June 3, 1867, and reciting that the defendant, by his note in writing, bearing date May 3d, 1867, signed with his signature, had promised to pay to the plaintiff or order, thirty days after date, $425.52 for value received, negotiable and payable at the First National Bank at Alex-

andria, Va.   The defendant not appearing, a conditioned judgment was entered, and at the March rules, he still not appearing, the order was confirmed, and at the March term, the judgment became final, though it appears that no judgment was entered in court or formally written out by the clerk, but that the judgment was considered as entered up by operation of law.   The note upon which the action was founded was filed with the declaration, was dated May 3d, 1867, for $475.52, negotiable and payable thirty days after date, at the First National Bank at Alexandria, Va., and consequently allowing the three days of grace, did not become payable until June 5, 1867.

Execution was sued out on this judgment on the 6th day of May, 1869, for the sum of $475.52, with interest thereon from the 3d day of June, 1869, and $6.99 costs, which was returned levied, bond taken forfeited and herewith returned. The bond taken was in the penalty of $1,200, to be discharged by the payment of $552.89, and was in the usual form of forthcoming bonds.   Gregg, the obligor, gave notice to Jones and Lewis W. Derry, his surety, that at the August term, 1869, of the county court of Loudoun, he would move the court for judgment on the bond.

When the motion was heard, the defendants moved to quash the bond upon two grounds ; first, that the time of sale had not been advertised, and secondly, that there was mistake in the execution of the bond; that it was not intended to be a common forthcoming bond, but a forthcoming bond under the interpleader act in the Code, and they proposed to introduce Andrew Seitz, the deputy sheriff, who took the bond to prove that fact, but the court excluded the evidence, overruled both objections, and rendered judgment on the bond.

Subsequently, Jones gave notice that at the January term, 1870, of the county court of Loudoun, he would move to

reverse the judgment by default in this case, on the ground that the note in writing on which the suit was brought, does not warrant the judgment, it being dated May 3, 1867, negotiable and payable at the First National Bank at Alexandria, thirty days after date, and was therefore not payable until thirty days and three days of grace had elapsed from the date thereof. Notice was also given that if the court should refuse to reverse the judgment, he would then move to quash the execution issued upon the office judgment, which has been before recited.

Upon the hearing, the court overruled the motion and refused to reverse the judgment or quash the execution.

From both of these judgments a writ of error was allowed to the circuit court of Loudoun, which, at its April term, 1870, reversed the said judgment, set aside all proceedings in the county court to the summons commencing the suit, and remanded the case to the rules, with leave to the plaintiff to amend his declaration. From this judgment a writ of error has been allowed to the supreme court of appeals, which has been referred to this court for determination.

I am of opinion, that the county court did not err in giving judgment on the forthcoming bond, as the pleadings were made up or rather in the want of pleadings. If the defendants intended to show that there was a mistake in the execution of the bond, that they did not intend to execute a forthcoming bond, under ch. 189 of the Code, they should have made the defence by plea alleging the mistake, or by a special plea of *non est factum*, either of which were required by the statute, to be verified by affidavit. This was not done, but only a simple motion to quash. Nor do I think that the other ground, that the property was not advertised, was sufficient. The property was not advertised at the instance of the debtor whose property was levied upon, and he had a right to waive such advertisement. But even if it

had not been advertised, that would not have relieved the obligors from the condition of their bond. They should have delivered the property to the sheriff at the time and place stipulated.

No formal judgment was written out by the clerk, but as the county court say, it was considered as entered by operation of law. Then, if so entered, it should have been for the note, to wit, $475.52, with interest from June 5, 1867, which was less than the demand, both in the writ and declaration. It is true that the execution called for interest from June 3d, but it is rather late to quash an execution after the forthcoming bond is taken, forfeited and judgment rendered upon it, and particularly when although appearing no such defence was made when the judgment was rendered thereon. Nor are the defendants aggrieved by the slight mistake in the execution, for a careful calculation shows that the forthcoming bond was taken for two or three dollars less than it ought to have been, even if the execution had properly issued. It is true that in Eubank v. Sandige, assignee, &c., 4 Leigh 308, the court corrected the judgment and quashed the execution and bond, but there the bond was far greatly too much, and there was no appearance or defence to the motion for judgment on the forthcoming bond.

But even if the judgment cannot be regarded as being entered by operation of law for the correct amount, I think the circuit court erred in reversing it for that reason and remanding it to rules, but ought to have amended and corrected it.

It thus appears, upon a view of the whole case, the defendants are not aggrieved by the judgment on the forthcoming bond in the county court ; that they really have to pay less than they even would if the execution had issued, and the

bond had been taken properly, and I therefore think the judgment of the county court should stand.

I am, therefore, of opinion, that the judgment of the circuit court of Loudoun ought to be reversed and the judgment of the county court affirmed.

Judgment of circuit court reversed and judgment of county court affirmed.

WINGFIELD, P., and BARTON, J., concurred.